# UNITED STATES DISTRICT COURT

District of ____Nevada____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JUAN ANTONIO GOMEZ | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:06-cr-50-KJD-RJJ<br>USM Number: 40754-008<br>WILLIAM CARRICO<br>Defendant's Attorney |

**Date of Original Judgment:** October 11, 2006
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s) _1 of the Indictment_
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC § 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm | 11/2/05 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s) __2__ X is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 11, 2006
Date of Imposition of Judgment

_[signature]_
Signature of Judge

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

August 14, 2012
Date

DEFENDANT: JUAN ANTONIO GOMEZ
CASE NUMBER: 2:06-cr-50-KJD-RJJ

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **30 MONTHS**

X    The court makes the following recommendations to the Bureau of Prisons:
     that the defendant be designated to serve his term of incarceration in Southern California

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
     ☐    at _____ ☐ a.m. ☐ p.m. on _____ .
     ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☐    before 2 p.m. on _____ .
     ☐    as notified by the United States Marshal.
     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:06-cr-00050-KJD-RJJ   Document 31   Filed 08/14/12   Page 3 of 10
(NOTE: Identify Changes with Asterisks)

Judgment—Page 3 of 6

DEFENDANT: JUAN ANTONIO GOMEZ
CASE NUMBER: 2:06-cr-50-KJD-RJJ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : ***3 YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/...) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case 2:06-cr-00050-KJD-RJJ   Document 31   Filed 08/14/12   Page 4 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT: JUAN ANTONIO GOMEZ
CASE NUMBER: 2:06-cr-50-KJD-RJJ

# SPECIAL CONDITIONS OF SUPERVISION

1) You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2) You shall submit to the search of your person, property, or automobile under your control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3) You shall participate in and successfully complete a substance abuse treatment program, which will include drug testing, outpatient counseling, or residential placement, as approved and directed by the probation office. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon your ability to pay.

4) You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

5) You shall not operate a motor vehicle unless lawfully licensed, registered, and insured.

6) You shall not violate any domestic protection order that pertains to you and, if you find yourself in a place where you may be in violation of the domestic protection order, you shall immediately remove yourself from the area.

7) You shall report in person to the Probation Office in the District to which you are released within 72 hours of discharge from custody.

8) If deported, you shall not reenter the United States without legal authorization.

AO 245C (Rev. 09/...) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case 2:06-cr-00050-KJD-RJJ   Document 31   Filed 08/14/12   Page 4 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 2:06-cr-00050-KJD-RJJ   Document 31   Filed 08/14/12   Page 5 of 10

Judgment — Page 5 of 6

DEFENDANT: JUAN ANTONIO GOMEZ
CASE NUMBER: 2:06-cr-50-KJD-RJJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments (NOTE: Identify Changes with Asterisks

Case 2:06-cr-00050-KJD-RJJ   Document 31   Filed 08/14/12   Page 6 of 10

Judgment — Page 6 of 6

DEFENDANT: JUAN ANTONIO GOMEZ
CASE NUMBER: 2:06-cr-50-KJD-RJJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
  ***See Attached Preliminary and Final Orders of Forfeiture***
  * *Final Order filed 12/13/06 following entry of original Judgment*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, )
) 2:06-cr-0050-KJD-RJJ
Plaintiff, )
)
v. )
)
JUAN ANTONIO GOMEZ, )
)
Defendant. )

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on May 5, 2006, defendant JUAN ANTONIO GOMEZ pled guilty to Count One of a Two Count Criminal Indictment charging him in Count One with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

AND WHEREAS, pursuant to Fed. R. Crim P. 32.2(b)(1), this Court finds that the United States of America has shown a nexus between property set forth in the Forfeiture Allegation of the Criminal Indictment and the offense to which defendant JUAN ANTONIO GOMEZ pled guilty.

AND WHEREAS, the following is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

    a Smith & Wesson. .40 caliber semi-automatic handgun, serial number
    TFM5268, magazines and ammunition.

AND WHEREAS, by virtue of the guilty plea, the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States

1 of America.

2       NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
3 the United States of America should seize the aforementioned property.

4       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and
5 interest of JUAN ANTONIO GOMEZ in the aforementioned property is forfeited and is vested
6 in the United States of America and shall be safely held by the United States of America until
7 further order of the Court.

8       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of
9 America shall publish at least once a week for three successive weeks in a newspaper of general
10 circulation, notice of this Order, notice of intent to dispose of the property in such a manner as
11 the Attorney General may direct, and notice that any person, other than the defendant, having or
12 claiming a legal interest in any of the above-listed forfeited property must file a petition with the
13 Court within thirty (30) days of the final publication of notice or of receipt of actual notice,
14 whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate
15 the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner
16 under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title,
17 or interest in the forfeited property and any additional facts supporting the petitioner's claim and
18 the relief sought. The notice described herein need not be published in the event a Declaration
19 of Forfeiture is issued by the appropriate agency following publication of notice of seizure and
20 intent to administratively forfeit the above-described asset.

21       DATED this __5__ day of __June_____, 2006.

23                                         _____
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,            )
                                     )   2:06-cr-0050-KJD-RJJ
            Plaintiff,               )
                                     )
      v.                             )
                                     )
JUAN ANTONIO GOMEZ,                  )
                                     )
            Defendant.               )

**FINAL ORDER OF FORFEITURE**

WHEREAS, on June 5, 2006, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) based upon the plea of guilty by defendant Juan Antonio Gomez to certain criminal offenses, forfeiting specified property alleged in the Indictment and shown by the United States of America to have a nexus to the offense to which defendant Juan Antonio Gomez pled guilty.

AND WHEREAS, the United States Marshals Service published, on July 17, July 24, and July 31, 2006, in the Las Vegas Review-Journal/Sun, notice of the forfeiture and of the intent of the United States of America to dispose of the property in accordance with the law, further notifying all known third parties by personal service or by certified mail, return receipt requested, of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property;

AND WHEREAS, no petition or other claim was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired;

AND WHEREAS, no petitions or claims are pending with regard to the assets named herein and the time for presenting such petitions has expired;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America and shall be disposed of according to law:

> a Smith and Wesson, .40 caliber semi-automatic handgun, serial number TFM5268, magazines and ammunition.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

DATED this 13th day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE